```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

PELICAN REFINING COMPANY,            §
L.L.C.,                              §
                                     §
              Plaintiff,             §
                                     §
v.                                   §    CIVIL ACTION NO. H-07-0578
                                     §
ADAMS AND REESE, LLP                 §
and DEAN W. FERGUSON,                §
                                     §
              Defendants.            §

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff, Pelican Refining Company, L.L.C.'s Motion to Remand (Docket Entry No. 8) and Defendants, Adams and Reese, LLP and Dean W. Ferguson's, Motion to Transfer Venue (Docket Entry No. 3). For the reasons stated below, plaintiff's motion will be granted, and this action will be remanded to the 125th Judicial District Court of Harris County, Texas. Defendants' motion will be denied as moot.

### I. Background

On or about December 30, 2004, American International Refinery, Inc. (AIRI), a debtor in bankruptcy, sold a refinery to plaintiff, Pelican Refining Company, L.L.C.[1] Defendants Adams and

---

[1] Debtor American International Refinery Inc.'s Third Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, Docket Entry No. 3, Exhibit 6, p. 11, Art. VI(A)(1).

Reese, LLP and Dean W. Ferguson (a partner in Adams and Reese, LLP at the time of the transaction) represented AIRI in the sale.[2] The sale proceeds were paid to AIRI's estate to be administered under the terms of the bankruptcy plan, which was confirmed on July 20, 2006.[3]

On December 28, 2006, plaintiff commenced this action against defendants in the 125th Judicial District Court of Harris County, Texas, alleging that during the sale negotiations defendants knowingly and intentionally failed to disclose the existence of damage to one of the refinery's storage tanks and misrepresented the refinery's insurance coverage.  Plaintiff seeks damages in excess of $1 million for negligent misrepresentation, fraud, and violating the Texas Deceptive Trade Practices – Consumer Protection Act.

Defendants removed the action to this court pursuant to 28 U.S.C. § 1452, arguing that plaintiff's claim "arises in" or "relates to" the AIRI's Chapter 11 Bankruptcy Case (Docket Entry No. 1).  Plaintiff moves to remand the action to state court, arguing that the court has no jurisdiction (Docket Entry No. 8).

---

[2]Unless otherwise noted, the facts alleged are derived from Plaintiff Pelican Refining Company, L.L.C.'s Original Petition, attached to Docket Entry No. 1.

[3]Debtor American International Refinery Inc.'s Third Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, Docket Entry No. 3, Exhibit 6, p. 11, Art. VI(A)(1); Order Confirming Chapter 11 Plan, Docket Entry No. 8, Exhibit 3.

Defendants seek to transfer venue to the Western District of Louisiana for ultimate referral to the United States Bankruptcy Court for that district pursuant to 28 U.S.C. §§ 1404, 1406, 1409, and 1412 and under the Federal Rules of Bankruptcy Procedure 7019 and 7087 (Docket Entry No. 3).

## II.  Motion to Remand

### A.  Applicable Law

Defendants removed pursuant to 28 U.S.C. § 1452, which allows removal of claims where federal jurisdiction arises under 28 U.S.C. § 1334.  Section 1334(b) provides for federal jurisdiction over proceedings "related to" cases under the Bankruptcy Code.  The Fifth Circuit has interpreted this phrase broadly.  See, e.g., Arnold v. Garlock, Inc., 278 F.3d 426, 434 (5th Cir. 2001). However, where the debtor's bankruptcy plan has been confirmed the Fifth Circuit has rejected the "expansive view" of the "related to" test in favor "of a more exacting theory[.]"  In re U.S. Brass Corp., 301 F.3d 296, 304 (5th Cir. 2001) (quoting In re Craig's Stores of Texas, Inc., 266 F.3d 388, 390-91 (5th Cir. 2001)).  In post-confirmation disputes "the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." Craig's Stores, 266 F.3d at 390.

In Craig's Stores the debtor, Craig's Stores, asserted state law claims based on a contract that was assumed as part of its

confirmed plan.  Id. at 389.  The Fifth Circuit held that the bankruptcy court did not have jurisdiction because

> [t]here was no antagonism or claim pending between the parties as of the date of reorganization.  The fact that the . . . contract existed throughout the reorganization and was, by implication, assumed as part of the plan is of no special significance. And even if such circumstances might bear on post-confirmation bankruptcy court jurisdiction, no facts or law deriving from the reorganization or the plan was necessary to the claim asserted by Craig's against the Bank.

Id. at 391.

The Court refined this test in U.S. Brass.  In that case the debtor's bankruptcy plan provided that certain claims against the debtor would be resolved in a court of competent jurisdiction and determined by settlement agreement or final judgment.  U.S. Brass, 301 F.3d at 299.  The debtor sought post-confirmation approval from the bankruptcy court of a proposed agreement to liquidate these claims through binding arbitration.  Id.  The Fifth Circuit held that the Craig's Stores test was met and that the bankruptcy court had jurisdiction over the dispute because "[b]ankruptcy law will ultimately determine this dispute, and the outcome could affect the parties' post-confirmation rights and responsibilities. Furthermore, this proceeding will certainly impact compliance with or completion of the reorganization plan."  Id. at 305.

**B.   Analysis**

Like the parties in Craig's Stores, there was no antagonism or claim pending between plaintiff and defendants on the date of

-4-

reorganization.  Defendants make much of the fact that the alleged misrepresentations took place before the date of reorganization,[4] but this fact alone does not support the existence of jurisdiction.  Cf. In re Encompass, 337 B.R. 864, 873 (Bankr. S.D. Tex. 2006), aff'd, 2006 U.S. Dist. LEXIS 28406 (S.D. Tex. May 3, 2006)("Actual litigation, or at least antagonism between the parties, must be present on the petition date for the court to assert jurisdiction.").

Defendants argue that this court has jurisdiction because plaintiff's claims implicate the sale agreement, which was conditioned on the approval by the bankruptcy court and was referenced in the confirmed plan.[5]  They argue that litigation of this action will therefore "involve the construction of the confirmed plan as well as the bankruptcy court's order making jurisdiction proper in this court."[6]  Defendants also argue that the sale agreement "was an integral part" of the confirmed plan, supporting jurisdiction.[7]

Article VI(A)(1) of the confirmed plan states:  "On or about December 30, 2004, . . . AIRI sold substantially all of its Assets,

---

[4]Defendants' Opposition to Pelican's Motions to Remand or to Abstain, Docket Entry No. 11, p. 8.

[5]Id. at 4.

[6]Id. at 5.

[7]Id.

including the Lake Charles Refinery, to Pelican Refining Company, L.L.C."[8]  The plan then specifies how these proceeds are to be distributed to AIRI's creditors.  The sale of the refinery was fully completed by the time the plan was confirmed in July of 2006 and was only referenced in the plan to the extent that it was necessary to earmark the sale's proceeds for distribution.  "The fact that the . . . contract existed throughout the reorganization and was, by implication, assumed as part of the plan is of no special significance."  Craig's Stores, 266 F.3d at 391.  The court therefore concludes that the extent to which plaintiff's claims involve the sale agreement does not pertain to the "implementation or execution" of the confirmed plan and therefore does not support jurisdiction.[9]  Cf. Encompass, 337 B.R. at 874 (holding that a

---

[8]Debtor American International Refinery Inc.'s Third Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, Docket Entry No. 3, Exhibit 6, p. 11, Art. VI(A)(1).

[9]Defendants also argue that an exculpatory provision in the confirmed plan requires the bankruptcy court's interpretation to determine whether or not defendants may be sued in the first place.  Defendants' Opposition to Pelican's Motions to Remand or to Abstain, Docket Entry No. 11, pp. 3, 10. The plan protects professionals from liability for any act in connection with AIRI's bankruptcy case except for "liability based on willful misconduct or gross negligence."  Debtor American International Refinery Inc.'s Third Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, Docket Entry No. 3, Exhibit 6, p. 17, Art. VII(B).  "This is hardly the type of language that necessitates clarification by only a bankruptcy court.  A state of competent jurisdiction can just as easily interpret the impact of this language" on the plaintiff's ability to sue defendants.  Encompass, 337 B.R. at 874.

claim based on a sales contract did not implicate a confirmed plan where the sale had already been completed pursuant to the confirmed plan). Furthermore, state law, rather than bankruptcy law, will determine the outcome of this dispute. "[N]o facts or law deriving from the reorganization or the plan [is] necessary to the claim[s]" asserted by plaintiff against defendants. Craig's Stores, 266 F.3d at 391.

Defendants assert that litigation of plaintiff's claims "by implication directly affect[s] the amount of funds available for distribution to AIRI's creditors."[10] However, plaintiff does not attempt to set aside the sale, attack the validity of the confirmed plan, or seek return of any money from AIRI. It merely seeks damages from third parties. Accordingly, the court concludes that this proceeding will not impact compliance with or the completion of the confirmed plan, nor will it affect the rights or responsibilities created by the plan. Cf. Bankruptcy Trading & Investments, L.L.C. v. Chiron Financial Group, Inc., 342 B.R. 474, 480-81 (S.D. Tex. 2006) (finding no jurisdiction where plaintiff sought only monetary damages from a third party).

Defendants also argue that jurisdiction exists because the confirmed plan retains bankruptcy jurisdiction over this case "[t]o the maximum extent permitted by the Bankruptcy Code or other

---

[10]Defendants' Opposition to Pelican's Motions to Remand or to Abstain, Docket Entry No. 11, p. 7.

applicable law."[11]  However, a bankruptcy plan may not confer jurisdiction absent statutory authority.  U.S. Brass, 301 F.3d at 301. "While a plan may not confer or expand subject matter jurisdiction, some courts find a retention of jurisdiction in the plan to be a prerequisite to post-confirmation jurisdiction.  In other words, a plan which fails to retain subject matter jurisdiction may leave it lacking, but a plan cannot create subject matter jurisdiction where it does not otherwise exist."  In re Coho Energy, Inc., 309 B.R. 217, 220 n.4 (Bankr. N.D. Tex. 2004); see also Encompass, 337 B.R. at 874 (quoting Coho Energy).

Because defendants have failed to establish how this dispute will impact the implementation or execution of AIRI's bankruptcy plan, the court concludes that it does not have jurisdiction under 28 U.S.C. § 1334.

### III.  Conclusion and Order

For the reasons explained above, the court concludes that it does not have jurisdiction over this case under 28 U.S.C. § 1334. The court therefore **ORDERS** that

1. Defendants' Motion to Transfer Venue (Docket Entry No. 3) is **DENIED as moot**.

2. Plaintiff's Motion to Remand (Docket Entry No. 8) is **GRANTED**.  This action is **REMANDED** to the 125th

---

[11]Debtor American International Refinery Inc.'s Third Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, Docket Entry No. 3, Exhibit 6, p. 17, Art. X.

>Judicial District Court of Harris County, Texas. The clerk will promptly deliver a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 3rd day of May, 2007.

                                    _____
                                          SIM LAKE
                                UNITED STATES DISTRICT JUDGE